MEMORANDUM **
Jose Camacho-Jimenez appeals from the 77-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Camacho-Jimenez contends the district court proeedurally erred at sentencing by failing to consider all of the factors set forth in 18 U.S.C. § 3553(a), failing to make an individualized determination based on the facts, and placing undue weight on his criminal history. Camaeho-Jimenez contends that the resulting sentence is substantively unreasonable. We conclude that the district court did not proeedurally err and that the bottom-of-the-Guidelines range sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 600-02, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc); see also United States v. Rodriguez-Rodriguez, 441 F.3d 767, 770-71 (9th Cir.2006).
As Camacho-Jimenez concedes, his contention that the statutory maximum under 8 U.S.C. § 1326 is two years of imprisonment and one year of supervised release is foreclosed. See United States v. Covian-Sandoval, 462 F.3d 1090, 1096-97 (9th Cir.2006).
In accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062-63 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). See United States *656 v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.